UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GOODEN,<br><br>             Petitioner,<br><br>    v.<br><br>TRACY JOHNSON, Warden,<br><br>             Respondent. | Case No. 2:24-cv-02648-DDP-PD<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION** |

On March 25, 2024, Petitioner Anthony Gooden, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  The Court issues this Order to Show Cause directed to Petitioner because the face of the Petition suggests that he has failed to state a cognizable claim on federal habeas review.

**I.     Procedural History and Petitioner's Contentions**

In August 2013, Petitioner pleaded guilty in San Bernardino County Superior Court to first-degree murder and admitted that he personally used a firearm.  [*See* Dkt. No. 1 at 9.]  He was sentenced to 35 years to life in state prison.  [*See id*.]  He did not appeal.  [*See id*. at 12.]

On May 30, 2023, Petitioner filed a habeas petition in the superior court, alleging that he was entitled to resentencing under California Assembly Bill 1540 and California Penal Code sections 1170.03 and 1172.1.[1] [*See id.* at 9.] On May 22, 2023, the superior court denied the petition in a reasoned decision. [*See id.* at 9-11.] Petitioner then filed three habeas petitions in the California Court of Appeal, which summarily denied each of them. *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Anthony" and "Gooden" in 4th App. Dist., Div. 2) (last visited on May 10, 2024). Thereafter, on October 19, 2023, he filed a habeas petition in the California Supreme Court, which summarily denied it on January 31, 2024. *See id.* (search for Case No. S282348 in Cal. Sup. Ct.).

On March 25, 2024, Petitioner filed the instant Petition. Liberally construed, *see Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (district courts are obligated to liberally construe pro se litigant filings), the Petition states the following ground for relief: the state courts violated Petitioner's right to due process by refusing to resentence him because, under California Assembly Bill 600, trial courts now have discretion to recall sentences under California Penal Code section 1172.1. [*See* Dkt. No. 1 at 15 (citing Cal. Assemb. Bill 600).] He seeks "resentencing under PC 1172.1/AB 600." [*Id.* at 28.]

## II. Discussion

### A. Duty to Screen

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the face of the

---

[1] California Assembly Bill No. 1540, which took effect January 1, 2022, renumbered section 1170(d)(1) as section 1170.03, *see People v. McMurray*, 76 Cal. App. 5th 1035, 1038 (2022), and thereafter, Assembly Bill No. 200, which took effect on June 30, 2022, renumbered section 1170.03 as section 1172.1. *See People v. Trent*, 96 Cal. App. 5th 33, 41 n.7 (2023) (citations omitted).

petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). As explained below, a review of the Petition shows that it is subject to dismissal because its sole claim for relief is not cognizable.

### B. Failure to State a Cognizable Claim

Federal habeas relief is available to state inmates who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). "A habeas petitioner must show that an alleged state sentencing error was 'so arbitrary or capricious as to constitute an independent due process violation.'" *Nelson v. Biter*, 33 F. Supp. 3d 1173, 1177 (C.D. Cal. 2014) (quoting *Richmond v. Lewis*, 506 U.S. 40, 50 (1992)).

Petitioner's claim is premised on the change in California law occasioned by Assembly Bill No. 600. [*See* Dkt. 1 at 15-17, 28.] Assembly Bill No. 600, which took effect on January 1, 2024, amended California Penal Code section 1172.1 "to allow a trial court, on its own motion, to recall a sentence and resentence a defendant when 'applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law.'" *People v. Dain*, 99 Cal. App. 5th 399, 412 (2024) (quoting Cal. Penal Code § 1172.1 (a)(1), as amended by Stats. 2023, ch. 446, § 2.)) Prior to January 1, 2024, trial courts lacked authority to do so unless the sentence was unauthorized or the Secretary of the California Department of Corrections and Rehabilitation recommended the sentence be recalled. *See People v. Codinha*, 92 Cal. App. 5th 976, 986-97 (2023).

Petitioner's claim is not cognizable on federal habeas review because it is premised exclusively on an issue of state law – namely, whether the trial

court should exercise its discretion under section 1172.1 to recall his sentence and resentence him. *See, e.g., Mills v. Marsh*, No. 2:19-cv-05237-DDP-MAA, 2020 WL 1180433, at *3 (C.D. Cal. Jan. 9, 2020) (holding that petitioner's claim "hing[ing] on whether he [was] entitled to relief pursuant to [s]ection 1170(d)(1)" was not cognizable on federal habeas review because it concerned "question pertaining solely to state law"), *accepted by* 2020 WL 5202073 (C.D. Cal. Sept. 1, 2020); *Nichols v. Pfeiffer*, No. CV 19-6356 DSF (JC), 2019 WL 4014429, at *7 (C.D. Cal. Aug. 26, 2019) (finding claims predicated on CDCR's "fail[ure] to follow applicable rules related to petitioner's request to have the CDCR request to recall [his] sentence under section 1170(d)(1)" not cognizable because they concerned only state law); *Harris v. Valenzuela*, No. CV 14-7692-R (MAN), 2014 WL 4988150, at *3 (C.D. Cal. Oct. 7, 2014) (holding that claim premised on misapplication of section 1170, "even if it were correct, necessarily fails here, because it does not implicate any federal constitutional concern rectifiable through a grant of federal habeas relief" (citation omitted)); *see also Ransom v. Adams*, 313 F. App'x 948, 949 (9th Cir. 2009) (affirming summary dismissal of claim that petitioner was entitled to compassionate release under California Penal Code section 3076(b) because claim involved only state officials' failure to follow state law).

Furthermore, that Petitioner alludes to his right to due process [*see* Dkt. No. 1 at 16)] is insufficient to transform his state-law claim into a cognizable federal one. *See Gray v. Netherland*, 518 U.S. 152, 163 (1996) (explaining that petitioner may not convert state-law claim into federal one by making general appeal to constitutional guarantee); *see also Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (habeas petitioner's mere reference to Due Process Clause was insufficient to render his claims viable under 14th Amendment). And in any event, he cannot show his 35-years-to-life sentence was arbitrary or capricious or fundamentally unfair because he was convicted

of first-degree murder and admitted that he personally used a firearm in doing so.  *See Nash v. Foulk*, No. CV 14-5494 JVS (SS), 2015 WL 9450401, at *8-9 (C.D. Cal. Oct. 27, 2015) (finding that life-without-possibility-of-parole sentence for first-degree murder was not fundamentally unfair and could not support viable due-process claim), *accepted by* 2015 WL 9455520 (C.D. Cal. Dec. 21, 2015); *Mains v. Lizarraga*, No. 14-cv-0504-JAM-EFB-P, 2016 WL 6134472, at *13 (E.D. Cal. Oct. 20, 2016) (finding that state sentence of 50-years-to-life for first-degree murder and use of firearm was not fundamentally unfair).

Petitioner, likewise, cannot show that he has a protected liberty interest in being resentenced under section 1172.1.  "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  A state statute may, however, confer a liberty interest under the Due Process Clause when it places substantive limits on official discretion.  *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 462 (1989).  To give rise to a liberty interest, the statute must contain "'explicitly mandatory language,' *i.e.*, specific directives to the decisionmaker that if the [statute's] substantive predicates are present, a particular outcome must follow." *Id.* at 463 (quoting *Hewitt v. Helms*, 459 U.S. 460 (1983)).

The section 1172.1 procedure for resentencing, however, is permissive, not mandatory.  Indeed, section 1172.1(a)(1) provides that a court "may . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced." It does not confer any right on a prisoner to file a request for resentencing directly with the trial court, as the superior court noted in rejecting Petitioner's habeas petition.  [*See* Dkt. No. 1 at 11]; *People v. Pritchett*, 20 Cal. App. 4th 190, 193-94 (1993) ("[B]ecause the defendant has no right to request

such an order in the first instance," "his 'substantial rights' cannot be affected by an order denying that which he had no right to request." (citation omitted)). There is therefore no basis for finding that section 1172.1 gives rise to a liberty interest enforceable as a matter of federal due process. *See Gonzales v. Marshall*, No. CV 08-5102-FMC(E), 2008 WL 5115882, at *5 (C.D. Cal. Dec. 4, 2008) (finding that predecessor to section 1172.1 "does not confer any liberty interest protected by the Due Process Clause").

Finally, the Court also notes that the Petition's sole claim for relief is unexhausted. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (federal court will not grant state prisoner's petition for habeas relief until prisoner has exhausted his available state remedies for all claims raised). As related above, it is premised on changes to California law that took effect on January 1, 2024. [*See* Dkt. No. 1 at 15, 28]; *Dain*, 99 Cal. App. 5th at 412. Petitioner has not filed any habeas petitions in either the court of appeal or the California Supreme Court since that date. *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Anthony" and "Gooden" in 4th App. Dist., Div. 2 and Cal. Sup. Ct.) (last visited on May 10, 2024). As such, he has not fairly presented his claim to the state's highest court. *See James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994) (exhaustion requires that prisoner's contentions be fairly presented to state courts and be disposed of on merits by state's highest court). Nevertheless, the Court may deny it on the merits because, as explained above, it is based exclusively on state law, *see* 28 U.S.C. § 2254, and therefore does not present a colorable claim for relief, *see Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) ("[A] federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.").

### III. Conclusion

For the foregoing reasons, the Court **ORDERS** Petitioner to show cause **by no later than June 16, 2024**, as to why the Petition should not be summarily denied for failure to allege a cognizable claim.

**Petitioner is admonished that the Court will construe his failure to file a response to this Order by June 16, 2024, as a concession on his part that the Petition's sole claim for relief is not cognizable. In that event, the Court will recommend that the Petition be dismissed with prejudice for failure to allege a cognizable claim.**

**IT IS SO ORDERED**.

DATED: May 13, 2024

_Patricia Donahue_
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

7